IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SCOTT AND WHITE HEALTH PLAN** § § § *Plaintiff*, § § **v.** § § **UNITED AIR AMBULANCE, LLC,** § § *Defendant.* § | Civil Action No. 6:19-cv-00012 |

## COMPLAINT FOR DECLARATORY RELIEF

NOW INTO COURT, through undersigned counsel, comes Scott and White Health Plan, Plaintiff herein, who respectfully represents as follows:

### PARTIES

**1.**

Plaintiff Scott and White Health Plan ("SWHP") is a Texas non-profit corporation and health maintenance organization, with its principal place of business in Temple, Texas.

**2.**

On information and belief, United Air Ambulance, LLC ("UAA") is an Arizona limited liability company, with its principal place of business in Chandler, Arizona.

### JURISDICTION

**3.**

Jurisdiction is conferred on this Court by 28 U.S.C. § 1332, as the Parties are citizens of different States and the amount in controversy exceeds $75,000.00 in value. Jurisdiction is additionally conferred on this Court by 28 U.S.C. §§ 2201 and 2202.

## VENUE

**4.**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) insofar as the member's employer provided health insurance for its members through SWHP and all functions and administration of the health benefit plan at issue were conducted within this judicial district.

## STATEMENT OF THE CASE

**5.**

SWHP is a health maintenance organization ("HMO") who issued the health benefit plan ("Plan") under which UAA's claim was filed, on behalf of a member "MR."  UAA does not have a provider contract with SWHP and is a non-contracted provider.

**6.**

UAA transported "MR" by air ambulance from Cozumel International Clinic in Cozumel Mexico to St. Luke's Medical Center in Houston Texas on August 7, 2015.  SWHP received a clean paper claim from UAA for the transport on August 18, 2015.  In the claim, UAA stated that MR "suffered 2 separate syncopal events," that MR "is at high risk for atypical presentation of cardiac events," and that "[c]ritical care air ambulance was needed to facilitate the emergency evacuation of [MR] to Houston, Texas."  The claim stated billed charges of $215,375.00, and included the following diagnosis and procedure ("CPT") codes:

- 776.2 (DISSEMINATED INTRAVASCULAR COAGULATION)
- A0430 (AMB SERVICE CONVNTION AIR SRVC TRANSPORT)
- A0435 (FIXED WING AIR MILEAGE PER STATUTE MILE)
- A0426 (AMB SERVICE ALS **NONEMERGENCY** TRANSPORT) (emphasis supplied)

**7.**

Relevant to UAA's claim, the SWHP Plan for the member at issue provides:

1. **DEFINITIONS**

   **1.77 "Usual and Customary Rate" means:**
   The amount based on a percentage of available rates published by Centers for Medicare and Medicaid Services (CMS) or a benchmark developed by CMS for the same or similar services within a geographical area; and that have been negotiated with one or more Participating Providers in a geographic area for the same or similar services.

   The amount payable may be increased by a fixed percentage for certain services or facilities as agreed to by the Plan.

   \* \* \*

7. **HEALTHCARE SERVICES**

   **7.9 Health Care Services Not Available From Contracting Providers**
   To the extent the Health Plan would have covered such services under the terms of this Agreement, Medically Necessary Health Care Services which are prescribed by a Participating Physician but which are not available from a Participating Provider shall be authorized as described under the heading, Out-of-Network Referrals, in the Description of Benefits to this Agreement, within a time appropriate to the circumstances relating to the delivery of services and the condition of the patient, but in no event to exceed five (5) business days after receipt of reasonably requested documentation, to be received from a physician or provider who does not contract with the Health Plan upon the request of the Participating Physician and the approval by the Medical Director. If approved, Health Plan shall fully reimburse the non-contracting physician or provider at the Usual and Customary or agreed upon rate, except for Copayments, and charges for non-covered services.

   \* \* \*

   **13.5.4 EMERGENCY CARE SERVICES**

   **13.5.4.1 QUALIFICATION OF EMERGENCY SERVICES**
   Medically Necessary Emergency Care is covered by this Agreement, including the treatment and stabilization of an emergency medical condition. However, only those conditions meeting the terms of the definition of Emergency Care will qualify. Health Plan will provide for any medical screening examination or other evaluation required by Texas or federal law that takes place in a hospital emergency facility or comparable facility, and that is necessary to determine whether an emergency medical condition exists. Medically Necessary Emergency Care received from a

non-participating Physician or non-Participating Provider will be reimbursed according to the terms of the Health Care Agreement at the Usual and Customary or agreed upon rate, except for Copayments, and charges for non-covered services.

### 13.5.4.3 EMERGENCY TRANSPORTATION SERVICES

Emergency transportation, when and to the extent it is Medically Necessary, is covered when transportation in any other vehicle would endanger the patient's health. Health Plan will not cover air transportation if ground transportation is medically appropriate and more economical. If these conditions are met, Health Plan will cover ambulance transportation to the closest appropriate hospital or skilled nursing facility.

### 13.5.4.4 EMERGENCY CARE COVERAGE EXCEPTIONS/LIMITATIONS

Health Plan will not cover any expenses involving non-emergent/non-urgent Treatments performed or prescribed by non-Participating Physicians or non-Participating Providers, either inside or outside of the Service Area, and for which Health Plan has not authorized a referral.

* * *

## 14. EXCLUSIONS AND LIMITATIONS

The Health Care Services under this Agreement shall not include or shall be limited by the following:

### 14.24 Non-Covered Benefits/Services

Treatments, which are excluded from coverage under this Agreement and complications of such Treatments, are excluded.

### 14.26 Non-Payment for Excess Charges

No payment will be made for any portion of the charge for a service or supply in excess of the Usual and Customary Rate.

Accordingly, and exercising its appropriate fiduciary obligation under the Plan, SWHP denied UAA's non-emergent claim submission, on the ground that the Plan excluded coverage for non-emergent transport and lack of prior authorization. *See* Sec. 13.5.4.4.

**8.**

On November 20, 2015, UAA appealed the claim denial. On January 3, 2016, SWHP upheld the denial, noting that UAA had been informed that prior authorization was required for non-emergent transportation and the file contained no record of prior authorization.

**9.**

UAA submitted a corrected claim to SWHP on August 2, 2016, and February 1, 2017, seeking reimbursement of $215,375.00 in billed charges. In the corrected claim, UAA changed the diagnosis and CPT code A0426 (Non-Emergent Air transport) to A0427 (Emergency Transport Level 1).

**10.**

SWHP reinstated the claim and, on February 2, 2017, issued Check No. 1306339, in the amount of $9,071.51 and for payment of Claim No. 1508180M0273, payable to UAA. SWHP priced the claim at the usual and customary rate (Sec. 1.77), according to its guidelines for non-contracted providers (Sec. 13.5.4.1), allowing $11,480.36 as reimbursement, with coinsurance of $2,079.48 and $329.37 applied toward the member's in-network deductible.

**11.**

UAA has not accepted SWHP's claim calculation and made formal demand upon SWHP in the amount of $206,303.49, representing the remainder of UAA's billed amount.

**12.**

In light of the above and pursuant to 28 U.S.C. §§ 2201, 2202, SWHP seeks a declaration that SWHP properly processed and paid UAA's claim identified above under the terms and conditions of the Plan, insofar as 1) the initial claim was for non-emergency air transport provided by a non-contracted provider without prior approval; 2) that the corrected claim was paid consistent with plan terms; 3) that all applicable appeals periods have run; and 4) that no further sums are due.

**13.**

SWHP seeks all further relief, in accordance with 28 U.S.C. § 2201, *et seq.*, as may be necessary, proper, and just.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Scott and White Health Plan prays that after due proceedings be had, there be judgment in its favor, and against United Air Ambulance, LLC as follows:

a) In accordance with 28 U.S.C. §§ 2201, 2202, SWHP prays for an Order declaring that SWHP properly processed and paid the claim identified herein under the terms and conditions of the Plan, insofar as 1) the initial claim was for non-emergency air transport provided by a non-contracted provider without prior approval; 2) that the corrected claim was paid consistent with plan terms; 3) that all applicable appeals periods have run; and 4) that no further sums are due;

b) Court costs as allowed by law; and

c) For all additional general and equitable relief to which SWHP may be entitled.

Respectfully submitted,

By: __*/s/ Jonathan M. Herman*__
Jonathan M. Herman (TX Bar No. 24052690)
Charles W. Hill (TX Bar No. 24063885)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
Telephone:     (214) 624-9805
Facsimile:      (469) 383-3469
jherman@herman-lawfirm.com
chill@herman-lawfirm.com

*Counsel for Plaintiff*
*Scott and White Health Plan*